UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT EDWIN HARVEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  4:24-cv-00070-O |
| § | |
| OFFICER JENTRY COTTEN and § | |
| CORPORAL AUGUST GREEN, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Jentry Cotten's Motion to Dismiss (ECF No. 9) and Appendix in Support (ECF No. 10), filed on May 13, 2024, and Defendant August Green's Motion to Dismiss (ECF No. 11), filed on May 13, 2024. Plaintiff did not file a response to either motion, so the matter is ripe for review. After reviewing the briefing and applicable law, the Court **GRANTS** both motions.

I.   BACKGROUND[1]

On January 28, 2022, Plaintiff Robert Harvey ("Plaintiff") noticed police officers speaking to an individual outside of a convenience store. Two of those officers were Defendant Jentry Cotten ("Defendant Cotten") and Defendant August Green ("Defendant Green" and, together with Defendant Cotten, "Defendants"). Plaintiff parked his car and walked toward the officers to record the interaction. According to Plaintiff, he and Defendant Green recognized one another from previous encounters, which prompted Defendant Green to wave to the camera.

---

[1] All undisputed facts pertaining are drawn from Plaintiff's Complaint, unless otherwise specified. *See* Pl.'s Compl., ECF No. 1. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to the Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

Shortly after Plaintiff arrived on the scene, Defendant Cotten exited the patrol vehicle and immediately ordered Plaintiff to move to the other side of an ice machine. Plaintiff contends that Defendants cornered him between a wall and the ice machine to prevent any movement. According to Plaintiff, Defendants did not express that the reason for making this request was to prevent interference with official police duties. Instead, Plaintiff believes that Defendants made this request "to assert perceived authority to issue[] unlawful commands." This is based on Plaintiff's previous experience interacting with Defendant Green, who allegedly assaulted him in the same way during a previous incident.

Plaintiff maintains that he did not interfere with the investigation taking place on January 28, 2024. He also characterizes the individual who was initially the subject of Defendants' attention as not appearing dangerous, handcuffed, or otherwise presenting a safety concern. Even so, Defendants still arrested Plaintiff for interference with the duties of a peace officer. Plaintiff alleges that Defendants lacked probable cause for doing so and suggests that they simply disliked that he was filming the interaction. Nearly two years later, on January 19, 2024, all charges against Plaintiff were dropped. Plaintiff filed this lawsuit on January 21, 2024.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a Rule 12(b)(6)

motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

Even when a plausible claim exists, "'[a] statute-of-limitations defense may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to raise or set forth some basis for tolling the statute.'" *Poullard v. Gateway Buick GMC LLC*, No. 3:20-CV-2439-B, 2021 WL 4244781, at *3 (N.D. Tex. Sept. 17, 2021) (quoting *Carmona v. City of Dall.*, No. 3:19-cv-469-L, 2020 WL 2812859, at *4 n.2 (N.D. Tex. May 28, 2020)). The assertion of a statute-of-limitations defense is expressly listed as a defense which must be affirmatively pled. Fed. R. Civ. P. 8(c)(1). The defendant bears the initial burden of proof to establish the affirmative defense of statute-of-limitations by showing that he was not served with process until after the statute of limitations has run. *Dillard v. Parkland Hosp.,* 136 S.W.3d 16, 19 (Tex. App.—Dallas 2002, no pet.); *Harrell v. Alvarez,* 46 S.W.3d 483, 485 (Tex. App.—El Paso 2001, no pet.). Upon establishing the defense, the burden shifts to the plaintiff to establish that he exercised due diligence in serving the defendant after the limitations

period. *Lexington Ins. Co. v. Bunckingham Gate, Ltd., Inc.,* 993 S.W.2d 185, 190 (Tex. App.—Corpus Christi 1999, pet. denied).

**III.   ANALYSIS**

Each Defendant separately argues that Plaintiff's claims against them are time-barred.[2] The statute of limitations for a suit brought under 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Pete v. Metcalfe,* 8 F.3d 214, 217 (5th Cir.1993). In Texas, personal injury claims brought pursuant to 42 U.S.C. § 1983 are governed by a two-year statute of limitations.[3] TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Flores v. Cameron Co.*, 92 F.3d 258, 271–72 (5th Cir. 1996). Given this two-year statute of limitations, Plaintiff had two years to assert his claims from the date his claim accrued. *Cf. Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989) (recognizing Texas's two-year limitations period for personal injury cases). The limitations period "begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (cleaned up).

To stop the running of limitations in § 1983 cases, courts look to the forum state's law. *Bd. of Regents of Univ. of St. of N.Y. v. Tomanio*, 446 U.S. 478, 483 (1980). Pursuant to Texas law, tolling of the statute of limitation may occur after filing suit prior to serving a defendant *only if* a plaintiff exercises continuous diligence to serve the defendant. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex. 1990) (explaining that "a plaintiff must not only file the lawsuit within the applicable limitations period, but must use diligence to have the defendant served with process" within that

---

[2] Def. Cotten's Mot. to Dismiss 13–16, ECF No. 9; Def. Green's Mot. to Dismiss 4–5, ECF No. 11. Defendants also raise other arguments in support of dismissal, such as failure to state a claim and qualified immunity. Def. Cotten's Mot. to Dismiss 5–13, ECF No. 9; Def. Green's Mot. to Dismiss 5–10, ECF No. 11. However, the Court does not reach these arguments given its determination that Plaintiff's claims are time-barred.
[3] To the extent Plaintiff's claims could be construed as malicious prosecution, the applicable statute of limitations is even shorter—just one year. TEX. CIV. PRAC. & REM. CODE § 16.002(a).

period). However, as long as the lawsuit is filed within the limitations period, the plaintiff can still serve the defendants after expiration of that period provided that he continues to exercise due diligence in doing so. *Id.* This causes the date of service to relate back to the date of filing. *Id.* Importantly, "[i]t is absolutely clear . . . that under Texas law . . . the mere filing of a suit will not interrupt or toll the running of a statute of limitation." *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975). Rather, to toll the running of a statute of limitation, the "use of diligence in procuring the issuance and service of citation is required." *Id.* As a result, "[t]he duty to exercise due diligence is a continuous one, extending from the date the suit is filed until service is obtained." *Tate v. Beal,* 119 S.W.3d 378, 380–81 (Tex. App.—Fort Worth 2003, pet. denied). A plaintiff exercises due diligence only when he (1) acts as an ordinary prudent person would under the same circumstances, and (2) is diligent up until the time the defendant is served. *$6453.00 v. State*, 63 S.W.3d 533, 536 (Tex. App.—Waco 2001, no pet.).

### A. January 28, 2024 is the Applicable Statute of Limitations Period.

To begin, the Court first determines when the applicable limitations period expired. According to the Complaint, the basis for Plaintiff's lawsuit derives from his interactions with Defendants Cotten and Green on January 28, 2022—the day he was arrested without a warrant.[4] That Plaintiff knew of the facts underlying his claims on January 28, 2022 is undisputed because Plaintiff filed no response to the motions to dismiss. And there is nothing in the record or in the Complaint to indicate otherwise. Rather, because Plaintiff was arrested on the scene without a warrant, his claims accrued on the day he was arrested and not on some later date.[5] *Cf. Wallace v. Kato*, 549 U.S. 384, 387–88 (2007) ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary

---

[4] Pl.'s Compl. ¶ 22, ECF No. 1.
[5] *Id.* ¶¶ 33–34.

detention, so the statute of limitations would normally commence to run from that date."). Thus, the Court finds that Defendants carry their burden to show that Plaintiff's claims started to run on January 28, 2022, making January 28, 2024 the end of the limitations period.

### B. Plaintiff Did Not Exercise Diligence to Toll the Limitations Period.

Next, the Court evaluates whether Plaintiff exercised due diligence in serving Defendants after the limitations period expired to toll its expiration. At first glance, it may seem that Plaintiff's claims are timely since he filed his Complaint on January 21, 2024—just shy of the two-year anniversary of the events that gave rise to his arrest. But the docket reflects that Defendants were not served until nearly three months after the expiration of the January 28, 2024 limitations period.[6] In fact, it appears that Plaintiff's efforts to serve Defendants did not truly begin until after the Court demanded proof of service.[7] After prodding from the Court, Plaintiff finally engaged a process server who "received the . . . documents on April 23, 2024, at 7:12 pm."[8] Service was effectuated on Defendant Green on April 26, 2024 and on Defendant Cotten on May 2, 2024.[9] If Plaintiff made any earlier efforts to serve either Defendant—sometime during the period between January 22, 2024 (when summonses were initially prepared) and April 23, 2024 (when summonses were received by the process server)—he provided no such information.

Once the limitations period expired on January 28, 2024, Plaintiff was under the duty to exercise continuous diligence to serve each Defendant. *Tate,* 119 S.W.3d at 380–81. But the record reveals that Plaintiff failed to exercise such diligence given the delay of nearly three months and only acting after prodding from the Court. This is not how an ordinary prudent person would act

---

[6] Aff. of Service 1, ECF No. 5 (served on April 26, 2024); Aff. of Service 1, ECF No. 5-1 (served on May 2, 2024).
[7] Apr. 23, 2024 Order, ECF No. 4. Although summonses were prepared by the Clerk of Court on January 22, 2024, it appears that Plaintiff did nothing with these summonses since a process server was not engaged until after the Court's Order demanding proof of service. *Compare* Summons in a Civil Action, ECF No. 3 *with* Aff. of Service, ECF No. 5 *and* Aff. of Service, ECF No. 5-1.
[8] Aff. of Service 1, ECF No. 5; Aff. of Service 1, ECF No. 5-1.
[9] *Id.*

under the same circumstances. *$6453.00*, 63 S.W.3d at 536. Making matters worse, it appears that the process server was able to promptly—and without any noted difficulty—serve both Defendants within days of receiving the documents to serve.[10] Given this apparent ease with which the process server was able to quickly serve both Defendants, there is no indication that Plaintiff experience service difficulties up to that point. *Cf. Echols v. Strickland*, 92 F.R.D. 75, 77 (S.D. Tex. 1981) (finding a fact issue regarding continued diligence given plaintiff's "affidavits demonstrating that [defendants'] whereabouts were difficult to ascertain and efforts to locate them were fruitless"). To the contrary, Plaintiff simply took no steps whatsoever to effect service for nearly three full months. Once again, this is not how an ordinary prudent person would act. *$6453.00*, 63 S.W.3d at 536. Due to the absence of continuous diligence to serve Defendants, the Court finds that the January 28, 2024 limitations period was not tolled.

Although Plaintiff offered no explanation in a response, he likely would have emphasized that the three-month service delay after January 28, 2024 is short and that the Court should not find a lack of continuous diligence from such a short period. But "[e]ven if the delay is 'relatively short,'" a plaintiff must still exercise continuous diligence to effectuate service. *Budget Rent A Car Sys., LLC v. Valadez*, 558 S.W.3d 304, 307 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018). That is because the critical factor is not the length of delay on its own but rather the *explanation* for the delay. *Holt v. D'Hanis St. Bank*, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.). In other words, Plaintiff must offer a sufficient explanation for the delay to toll the limitations period. *Id.* Texas courts have made clear that "[a]n invalid explanation of delay [or] no explanation of delay . . . constitute[] lack of diligence." *Jimenez v. Cnty. of Val Verde*, 993 S.W.2d 167, 168

---

[10] *Id.*

7

(Tex. App.—San Antonio 1999, pet. denied). "It matters not . . . that service . . . was accomplished within a relatively short time after the expiration of the limitations period." *Id.*

Setting aside the fact that the three-month delay is lengthy on its own, the critical factor is that Plaintiff offers no explanation whatsoever. As a result, the Court finds that Plaintiff's lack of diligence without any explanation for nearly three full months precludes tolling. *Cf. Rodriguez*, 13 S.W.3d at 51 (emphasizing the lack of a satisfactory explanation for the delay); *Perkins*, 936 S.W.2d at 668 (same). Texas courts consistently find a lack of continuous diligence when a plaintiff does nothing for a relatively short period of time—even just a few weeks.[11] Therefore, the Court similarly concludes that Plaintiff's unexplained failure to take any action to effectuate service on Defendants for three months after the expiration of the statute of limitations constitutes a lack of diligence under Texas law. Accordingly, the Court concludes that Plaintiff's claims are time-barred and the service dates do not relate back to the date that Plaintiff's Complaint was filed.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Jentry Cotten's Motion to Dismiss (ECF No. 9) and Defendant August Green's Motion to Dismiss (ECF No. 11). Accordingly, this case is **DISMISSED with prejudice** to the refiling of the same. Separate final judgment shall issue.

**SO ORDERED** this **1st day** of **July, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[11] *See, e.g.*, *Valadez*, 558 S.W.3d at 307 (32 days after filing suit and 5 days after limitations expired); *Tran v. Trejos*, No. 14-17-00998-CV, 2019 WL 962605, at *3 (Tex. App.—Houston [14th Dist.] Feb. 28, 2019) (43 days after limitations expired); *Rojas v. CitiMortgage, Inc.*, No. 13-16-00257-CV, 2017 WL 4054397, at *4–*5 (Tex. App.—Corpus Christi–Edinburg Sept. 14, 2017, no pet.) (mem. op.) (36 days after filing suit and 8 days after limitations expired); *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2011) (31 days after limitations expired); *Plantation Prod. Props., L.L.C. v. Meeks*, No. 10-02-00029-CV, 2004 WL 2005445, at *6 (Tex. App.—Waco Sept. 8, 2004, no pet.) (mem. op.) (two months after limitations expired); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996) (47 days after filing suit and 18 days after limitations expired); *Rodriguez v. Tisman & Houser, Inc.*, 13 S.W.3d 47, 51–52 (Tex. App.—San Antonio 1999, pet. denied) (36 days after filing suit).